## KIRCHNER *v.* NEW HOME SEWING-MACH. CO.

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

1. RELEASE—RETURN OF CONSIDERATION—EVIDENCE.

   In an action for malicious prosecution, defendant pleaded a general release, and the complaint was dismissed, but the judgment was reversed on the ground that the release did not embrace injuries of which plaintiff was ignorant at the time of its execution. On a second trial, defendant objected that plaintiff could not maintain his action without offering to restore what he received in consideration of the release. The consideration in question was the return to plaintiff of his own goods, which defendant had illegally taken from him. *Held,* that the objection was without merit.

2. FORCIBLE ENTRY—TREBLE DAMAGES—WHEN DENIED.

   Code Civil Proc. § 1669, which provides that a person forcibly ejected from real property may recover treble damages in an action against the wrong-doer, will not entitle plaintiff to treble damages where the complaint alleges and the proof shows a conversion of plaintiff's goods by defendant concurrently with the forcible ejection; the conversion constituting no part of the trespass.

Appeal from circuit court, Kings county.

Action by Gustav A. Kirchner against the New Home Sewing-Machine Company to recover damages for a forcible entry on his premises, and conversion of his goods, by defendant. Code Civil Proc. N. Y. § 1669, provides that a person forcibly ejected from real property may recover treble damages therefor in an action against the wrong-doer. From a judgment for plaintiff, entered on the verdict of a jury, defendant appeals. Affirmed. From an order denying a motion for treble damages plaintiff appeals. Affirmed. For former report, see 13 N. Y. Supp. 473.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*M. L. Towns,* for plaintiff. *Lehmaier & Williams,* (*Osborn E. Bright,* of counsel,) for defendant.

PRATT, J. In 1885, the parties, plaintiff and defendant, each claimed an indebtedness against the other. Defendant caused the plaintiff to be arrested, and to gain his liberty he executed a bill of sale of eight sewing-machines and other property as security for any balance he should be found to owe. Their dealings continued, and, not getting a settlement, plaintiff, claiming a large balance due him, began an action for an accounting, and for the cancellation of the bill of sale. He also obtained an injunction against interference with his property. In disregard of the injunction, defendant's servants forcibly ejected plaintiff from his shop, and took possession of the contents. He began proceedings for "forcible entry and detainer," but the judgment was rendered unavailing by a lease executed by the landlord to an employe of defendant not named in the process. After enduring numerous arrests, despairing of redress by legal means, plaintiff executed to defendant a release, expecting to thereby regain possession of his premises and goods. When he returned to his place he learned that his goods had been largely used or sold by defendant, and his machinery ruined by neglect, rain, and frost. In answer to his action, defendant interposed the release as a defense. The court charged the jury that if it was the intention of the parties, by the release, to cut off all claims existing between the parties, the plaintiff's action must fail; but that if the only subject of negotiation between them was the release by plaintiff of his rights under his action for an accounting, and his claim against them for false imprisonment, then the release would not operate beyond the matters mentioned in the particular clause, or in the preliminary discussion. The court also stated that a release would not operate to cut off rights, the existence of which was unknown to the releasor. A verdict of $6,000 being rendered, defendant brings this appeal.

The charge was in accordance with the rule laid down by us on a former appeal in this cause. 13 N. Y. Supp. 473. It is now suggested that plaintiff cannot maintain his action without restoring, or offering to restore, what he received in consideration for the release. If plaintiff's right to recover depended on his setting aside the release, the point would merit attention. But the plaintiff has no need to set aside the release. Let it stand, and be enforced according to the principles of law as we have declared them, and the plaintiff's right to the verdict will not be impugned. The release was declared by the circuit judge to be valid for all the purposes in the contemplation of the parties at the time it was executed, and considered in the preliminary discussions, or recited in the particular clause. Unless a wider recovery was sought, there was no need to set aside the release, nor to restore what was received as its consideration. *Lindo* v. *Lindo,* 1 Beav. 496; *Turner* v. *Turner,* 42 Law T. (N. S.) 495; *Barclay* v. *Lucas,* 1 Term. R. 291, note; *Lyall* v. *Edwards,* 6 Hurl. & N. 337. Defendant suggests that responsibility for the trespasses now recovered for was involved in the accounting suit pending in the city court, to which the release is conceded to have referred. That suit was begun October 31st; and the entry into plaintiff's store, which took place

four days later, was not then in existence as a cause of action.   It is true, testimony was given that defendant intended the release to cover everything; but the jury have found with the plaintiff upon that point; and, as remarked by the presiding judge in his opinion on the former appeal, plaintiff could not have intended to give up his right to demand a return of his goods, as it was to procure such return that plaintiff made the settlement.   Defendant says its right to the possession and retention of the articles described in the bill of sale is beyond question, and argues that some of the damages allowed must have been based upon plaintiff's being deprived of those goods.   On the contrary, they had no right to the goods, except as security for a debt due them.   If no debt existed, the bill of sale was dead.   The plaintiff testified that he owed it nothing; and, unless his statement is correct, we are at loss to supply a motive for its refusal to meet that question in court.   Its conduct is not easily explained upon any theory except that it was aware that the accounting would result in his favor.   Why should it violate an injunction, and seize with a strong hand what it could obtain by legal means?   Nor are we able, in the absence of a special verdict, to say that damages were based upon the retention of such articles.   It is suggested that evidence of damage not contained in the bill of particulars was improperly received.   The bill of particulars is not before us, and no error is apparent.   We find no error of which defendant can complain, and the judgment must be affirmed, with costs.

The plaintiff appeals from the denial of his motion for treble damages.   It may well be that some part of the verdict was based upon the conversion of plaintiff's goods by servants of defendant, acting under its orders.   That was not a part of the trespass upon plaintiff's land, though concurrent in time. We think the motion for treble damages was properly denied.

BARNARD, P. J., concurs.

DYKMAN, J., (*concurring.*)   This action was commenced for the recovery of damages sustained by the plaintiff for several wrongs perpetrated upon him by the defendant.   The plaintiff produced testimony tending to prove the allegations of his complaint, and the defendant introduced contradictory evidence, and also proved a release executed by the plaintiff.   It was the insistance of the plaintiff that the release related only to a particular subject, and did not, and was not intended to, release the causes of action set up in the complaint.   That question of fact was submitted to the jury under proper instructions by the trial judge, with the other questions of fact involved in the case; and the jury found a verdict for the plaintiff, and so, we must assume, found all the facts in favor of the plaintiff.   Such being the case, after the verdict, with all the facts settled according to the contention of the plaintiff, the law of the case becomes plain, and the verdict must stand.   Upon a contradictory statement of facts, there is but little room for the interference of the appellate tribunal.   All the questions of law were properly disposed of upon the trial, and no errors were committed.   The judgment and order denying the motion for a new trial should be affirmed, with costs.

The plaintiff made a motion for treble damages, which was denied, and he has appealed from that order.   That motion was properly denied, and the order should be affirmed, with $10 costs and disbursements.